UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ROCKY RICHMOND,        )
                       )
        Plaintiff,     )
                       )
   vs.                 )    16-3210
                       )
THEODORE BEASLEY, *et al.*, )
                       )
        Defendants.    )

MERIT REVIEW ORDER

The plaintiff, proceeding pro se, and currently incarcerated in the Lincoln Correctional Center, was granted leave to proceed *in forma pauperis*. This case is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The Court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the Court.

The plaintiff filed this lawsuit pursuant to 42 U.S.C. §1983 alleging that on June 14, 2016, his cellmate accidentally broke his television when the plaintiff was not in the room. The plaintiff reported it to the correctional staff, including Mr. Dawdy, Mr. Gresham, and Warden Jackson. The incident was investigated. His cellmate initially admitted damage, then recanted saying the plaintiff pressured him into taking responsibility. The plaintiff said this is a lie and he wants his television replaced.

The plaintiff's complaint fails to state a claim for federal relief. First, the plaintiff cannot sue his cellmate pursuant to Section 1983 for the damage. *Fisher v. LaPorte County Jail*, 2010 WL 148316 at *3 (N.D. Ind., Jan. 11, 2010)(inmate who assaults another is not a state actor and cannot be a defendant pursuant to a Section 1983 action).

Second, the plaintiff cannot bring a claim based on destruction of property. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984) (availability of damages remedy in state claims court to address the taking of a prisoner's property is an adequate, post-deprivation remedy; prisoner cannot maintain a federal civil rights claim for deprivation of property). Additionally, the plaintiff cannot state a constitutional claim based on his disagreement with the investigation or the outcome of grievance procedures. Prison officials incur no liability under Section 1983 if they fail or refuse to investigate grievances. *See Perales v Bowlin*, 644 F.Supp.2d 1090, 1100 (N.D. Ill. 2009)(ignoring grievance or failing to investigate does not make an official liable for damages under Sec. 1983); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir.2005) (inmate's claim that prison officials failed to investigate his grievances that mail room and security staff was stealing his property was indisputably meritless because inmate did not have a due process right to an investigation.); *Wilkins v. Illinois Dept. of Corrections,* 2009 WL 1904414 at 9 (S.D.Ill. July 1, 2009)("Because inmates do not have a due process right to have their claims investigated at all, an allegation that any investigation which is actually conducted by prison officials was "inadequate" or "improper" does not state a constitutional claim.")

**IT IS THEREFORE ORDERED that:**

1.  The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

2.  This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log.

3.  The plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of the plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4.  If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 19th day of September, 2016

**/s/ Harold A. Baker**
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE